1   ADAM P. KOHSWEENEY (S.B. #229983)
    akohsweeney@omm.com
2   KRISTIN M. MACDONNELL (S.B. #307124)
    kmacdonnell@omm.com
3   KATY (YIN YEE) HO (S.B. #322042)
    kho@omm.com
4   O'MELVENY & MYERS LLP
    Two Embarcadero Center, 28th Floor
5   San Francisco, CA 94111-3823
    Telephone:  415-984-8912
6   Facsimile:   415-984-8701

7   Attorneys for Defendant
    UNITED AIRLINES, INC.

8

9

10

11              **UNITED STATES DISTRICT COURT**

12             **SOUTHERN DISTRICT OF CALIFORNIA**

13

14   BEATRIZ TIJERINA, an individual,        Case No. **'24 CV 2466 BEN SBC**
     on behalf of herself and on behalf of
15   all persons similarly situated,          **DEFENDANT UNITED AIRLINES,
                                              INC.'S NOTICE OF REMOVAL**
16                     Plaintiff,             **PURSUANT TO 28 U.S.C. §§ 1332,
                                              1441, 1446, AND 1453**
17   v.
                                              (28 U.S.C. §§ 1332(d), 1441(a))
18   UNITED AIRLINES, INC., a
     Corporation; and DOES 1 through          [Filed concurrently with Civil Cover
19   50, inclusive,                           Sheet; Exhibits and Declaration in
                                              Support Thereof; and Notice of Party
20                     Defendants.            with Financial Interest]

21

22                                            (San Diego County Superior Court Case
                                              No. 24CU023905C)

23

24

25

26

27

28

                                                        NOTICE OF REMOVAL

1

**TABLE OF CONTENTS**

2
**Page**

3    I.    CLASS ACTION FAIRNESS ACT JURISDICTION. ............................. - 3 -

4          A.    Plaintiff's Proposed Class Consists Of More Than 100
5                Members. .................................................................................. - 3 -

6          B.    Diversity of Citizenship is Established. ............................................ - 4 -

7          C.    The Aggregate Amount-in-Controversy Exceeds $5,000,000. ........ - 5 -

                 1.    Unpaid Meal and Rest Period Premiums Claim .................... - 6 -
8
                 2.    Failure to Pay Overtime Claim ............................................. - 9 -
9
                 3.    Attorneys' Fees .................................................................... - 10 -
10
          D.    No CAFA Exceptions Apply. ......................................................... - 11 -
11   II.   VENUE. ...................................................................................... - 12 -

12   III.  PROCEDURAL REQUIREMENTS. ......................................................... - 12 -

13   IV.   CONCLUSION. .............................................................................. - 12 -

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Blevins v. Republic Refrigeration, Inc.*,
   No. CV 15-04019 MMM (MRWx), 2015 WL 12516693 (C.D. Cal.
   Sep. 28, 2015) ............................................................................................ 9

*Brown v. United Airlines, Inc.*,
   Case No. 37-2019-00008533-CU-OE-CTL .............................................. 3

*Cain v. Hartford Life & Accident Ins. Co.*,
   890 F. Supp. 2d 1246 (C.D. Cal. 2012) ................................................... 6

*Cavada v. Inter-Continental Hotels Grp., Inc.*,
   No. 19cv1675-GPC(BLM), 2019 WL 5677846 (S.D. Cal. Nov. 1,
   2019) ......................................................................................................... 8

*Chavez v. JPMorgan Chase & Co.*,
   888 F.3d 413 (9th Cir. 2018) .................................................................. 10

*Dart Cherokee Basin Operating Co. v. Owens*,
   574 U.S. 81 (2014) .................................................................................... 2

*Davis v. HSBC Bank Nev., N.A.*,
   557 F.3d 1026 (9th Cir. 2009) .................................................................. 4

*Evers v. La-Z-Boy Inc.*,
   No. 21cv2100-LL-BLM, 2022 WL 2966301 (S.D. Cal. July 27,
   2022) ....................................................................................................... 11

*Fritsch v. Swift Transp. Co. of Ariz., LLC*,
   899 F.3d 785 (9th Cir. 2018) .................................................................. 10

*Galt G/S v. JSS Scandinavia*,
   142 F.3d 1150 (9th Cir. 1998) ................................................................ 10

*Henry v. Cent. Freight Lines, Inc.*,
   692 F. App'x 806 (9th Cir. 2017) ............................................................. 5

*Hertz Corp. v. Friend*,
   559 U.S. 77 (2010) .................................................................................... 4

*Kanter v. Warner-Lambert Co.*,
   265 F.3d 853 (9th Cir. 2001) .................................................................... 4

*Medina v. United Airlines, Inc.*,
   Case No. 18-cv-07557 (C.D. Ca.) ............................................................ 3

NOTICE OF REMOVAL

1

**TABLE OF AUTHORITIES**
**(continued)**

2

**Page(s)**

3

4

*Shachno v. Marriott Int'l, Inc.*,
   No. 22-CV-1215 TWR (JLB), 2023 WL 316367 (S.D. Cal. Jan. 19,

5
   2023) ..................................................................................................................8

6

*Standard Fire Ins. Co. v. Knowles*,
   568 U.S. 588 (2013) ...........................................................................................5

7

*Staton v. Boeing Co.*,

8
   327 F.3d 938 (9th Cir. 2003) ...........................................................................11

9

*United Parcel Serv., Inc. v. Superior Court*,
   196 Cal. App. 4th 57 (2011)...............................................................................7

10

*Vallejo v. Sterigenics U.S., LLC*,

11
   No. 3:20-cv-01788-AJB-AHG, 2021 WL 2685348 (S.D. Cal. June

12
   29, 2021) .............................................................................................................9

**Statutes**

13

28 U.S.C. § 1332(c)(1) ...........................................................................................4

14

28 U.S.C. § 1332(d)..........................................................................................6, 11

15

28 U.S.C. § 1332(d)(4)(A)(i)(II)(cc) ...................................................................11

16

28 U.S.C. § 1332(d)(4)(B) ....................................................................................12

17

28 U.S.C. § 1332(d)(5)(B) ......................................................................................3

18

28 U.S.C. § 1332(d)(6) ...........................................................................................5

19

28 U.S.C. § 1441(b)(1) ...........................................................................................5

20

28 U.S.C. § 1446......................................................................................................2

21

28 U.S.C. § 1453......................................................................................................2

22

Cal. Lab. Code § 226.7 ...........................................................................................7

Cal. Lab. Code § 512 ...............................................................................................7

23

24

25

26

27

28

iii                                    NOTICE OF REMOVAL

1  **TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT**
2  **COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO**
3  **PLAINTIFF AND PLAINTIFF'S ATTORNEYS OF RECORD:**

4       Pursuant to 28 U.S.C. §§ 1446 and 1453, Defendant United Airlines, Inc.
5  ("United") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C.
6  §§ 1332(d) and 1441 and states the following grounds for removal:

7       1.    On November 19, 2024, Plaintiff Beatriz Tijerina ("Plaintiff") filed her
8  complaint in the Superior Court of the State of California, County of San Diego,
9  styled and captioned as above ("Complaint"). The matter was given Case
10 No. 24CU023905C and assigned to the Honorable Robert C. Longstreth ("State
11 Court Action"). Under 28 U.S.C. §1446(a), attached as Exhibits A–H are copies of
12 all proceedings, pleadings, and orders served in the State Court Action.

13      2.    This case is purportedly brought as a class action for damages and/or
14 penalties under the California Labor Code by Plaintiff on behalf of herself and other
15 putative class members. In the Complaint, Plaintiff brings claims for, *inter alia*,
16 United's alleged failure to pay minimum and overtime wages at the correct rate of
17 pay, provide meal and rest periods, provide accurate itemized wage statements,
18 reimburse employees for employment-related expenditures, provide timely wage
19 payments, and pay sick wages. Plaintiff also alleges United committed acts of unfair
20 competition as defined by the California Unfair Business Practices Act.[1] Lastly, on
21 behalf of herself, Plaintiff alleges United committed acts of discrimination and
22 retaliation and a wrongful termination. Based on the allegations in the Complaint
23 and on behalf of herself and the putative class members, Plaintiff seeks temporary
24 and permanent injunctions, damages, restitution, penalties, and attorneys' fees,
25 interest, and costs.

26 _____
27 [1] Separately, on December 10, 2024, Plaintiff filed a second complaint alleging
United violated the Private Attorneys General Act ("PAGA") in the Superior Court
of the State of California, County of Los Angeles, given Case No. 24TRCV04179
28 and assigned to the Honorable Alan B. Honeycutt.

1    3.    On November 25, 2024, Plaintiff served United the Complaint.  On

2  December 23, 2024, United filed an Answer in response to Plaintiff's Complaint.

3  Other than the documents attached as Exhibits A–H, no other pleadings, proceedings,

4  or orders have been filed and served in this action, and no other defendant has been

5  named or served.

6    4.    This Notice of Removal has been filed within 30 days of completion of

7  service of the Complaint upon United, and, as no other defendants have been named

8  or served, the requirement of 28 U.S.C. § 1446(b) requiring removal within 30 days

9  of service of the Complaint upon the first defendant has been satisfied.  In addition,

10  this Notice of Removal has been filed within one year of the commencement of the

11  State Court Action (November 19, 2024) as required by 28 U.S.C. § 1446(c).

12    5.    United denies liability on all claims alleged in this action, denies that

13  class certification is proper, and reserves all rights in these regards.  However, for

14  purposes of meeting the jurisdictional requirements of removal *only*, United submits

15  that this Court has subject matter jurisdiction over all claims alleged in this action

16  under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  This Court has

17  jurisdiction under CAFA because this is a putative class action in which:  (a) there

18  are 100 or more members in Plaintiff's proposed class; (b) at least some members of

19  the proposed class, including Plaintiff, have a different citizenship from Defendant;

20  (c) the claims of the proposed class members, in the aggregate, exceed the sum or

21  value of $5,000,000, exclusive of interest and costs; and (d) no exceptions to CAFA

22  apply.  *See* 28 U.S.C. §§ 1446, 1453; *Dart Cherokee Basin Operating Co. v. Owens*,

23  574 U.S. 81, 89 (2014) (explaining that "CAFA's provisions should be read broadly,

24  with a strong preference that interstate class actions should be heard in a federal court

25  if properly removed by any defendant" (citation and internal quotation marks

26  omitted)).

27

28

1     **I.     CLASS ACTION FAIRNESS ACT JURISDICTION.**

2         **A.     Plaintiff's Proposed Class Consists Of More Than 100 Members.**

3         6.     For CAFA jurisdiction to attach, the number of all proposed putative

4 class members in the aggregate must equal or exceed one hundred. 28 U.S.C.

5 § 1332(d)(5)(B). Here, Plaintiff defines the putative class (the "Class") in this action

6 as follows:

> [A]ll individuals who are or previously were employed by DEFENDANT in California, including any employees staffed with DEFENDANT by a third party, and classified as non-exempt employees . . . at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court.

(collectively, the "Class Members"). (Compl. ¶ 25.)

        7.     The Class consists of non-exempt employees who worked or are working for United in the state of California between April 1, 2023[2] and the present (the "Relevant Class Period"). During the Relevant Class Period, United employed at least thirteen thousand six hundred (13,600) non-exempt ground employees in the State of California who are represented by a labor union for collective bargaining

---

[2] The Complaint alleges that the class period begins "four (4) years prior to the filing of this Complaint." (Compl. ¶ 4.) However, with the exception of a handful of opt-outs, all non-exempt fleet service employees, customer service representatives, and mechanics released the same claims alleged in the Complaint to the extent they arose before 2023. Specifically, in *Brown v. United Airlines, Inc.*, Case No. 37-2019-00008533-CU-OE-CTL, also brought by opposing counsel, the parties effected a settlement agreement on behalf of all individuals employed by United in California and classified as a non-exempt fleet service agent or passenger service representative. The *Brown* settlement agreement, *inter alia*, effected a release of the same claims alleged in the Complaint during the period covering February 14, 2015, through March 31, 2023. Additionally, in *Medina v. United Airlines, Inc.*, Case No. 18-cv-07557 (C.D. Ca.), the parties effected a settlement agreement on behalf of all individuals employed by United in California and classified as non-exempt mechanics. The *Medina* settlement agreement, *inter alia*, effected a release of the same claims alleged in the Complaint during the period covering July 25, 2014, to January 31, 2023. For simplicity's sake, this Notice will calculate all claims as starting on April 1, 2023, which will underestimate the amount in controversy as it will ignore the potential claims of mechanics attributable to February and March 2023.

1  purposes.  (Declaration of Dorota Karpierz in Support of Notice of Removal of

2  Defendant United Airlines, Inc. ["Karpierz Decl."] ¶ 7.)

3  **B.    Diversity of Citizenship is Established.**

4  8.    Diversity of citizenship is established pursuant to 28 U.S.C.

5  § 1332(d)(2) because members of the class are citizens of California, and United is

6  not a citizen of California.

7  9.    Plaintiff was a resident of and domiciled in California (Karpierz Decl.

8  ¶ 6), and she was therefore a citizen of California for diversity of citizenship

9  purposes.  *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)

10  (holding that a "natural person's state citizenship is . . . determined by her state of

11  domicile").

12  10.    Plaintiff seeks to represent a class of United's current and former

13  California non-exempt employees.  (Compl. ¶¶ 25, 35.)

14  11.    For purposes of diversity jurisdiction, a corporation is a citizen of (1) the

15  state under whose laws it is organized or incorporated; and (2) the state of its

16  "principal place of business."  28 U.S.C. § 1332(c)(1).

17  12.    United is a corporation incorporated under the laws of the State of

18  Delaware.  (Karpierz Decl. ¶ 3.)

19  13.    A corporation's "principal place of business" is "the place where a

20  corporation's officers direct, control, and coordinate the corporation's activities" or

21  its "nerve center," and "in practice it should normally be the place where the

22  corporation maintains its headquarters."  *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93

23  (2010); *Davis v. HSBC Bank Nev., N.A.*, 557 F.3d 1026, 1029 (9th Cir. 2009).

24  Applying this test, United maintains its headquarters in Chicago, Illinois, and with

25  significant administrative functions centered in Houston, Texas. (Karpierz Decl. ¶ 4.)

26  14.    Accordingly, for the purposes of removal, and pursuant to 28 U.S.C.

27  § 1332(c), United is and has been for all relevant times a citizen of the states of

28  Delaware and Illinois, and possibly Texas.

1    15.    The Complaint names 50 "Does" as defendants.  For the purposes of

2  removal, however, "the citizenship of defendants sued under fictitious names shall

3  be disregarded."  28 U.S.C. § 1441(b)(1).

4    16.    Because Plaintiff was a citizen of California who sues on behalf of the

5  Class, while United is a citizen of Delaware, Illinois, and Texas, at least one, if not

6  all, Class Members and United are diverse from one another.  Thus, the minimal

7  diversity requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied.

8    **C.    The Aggregate Amount-in-Controversy Exceeds $5,000,000.**

9    17.    United contends that Plaintiff's claims are without merit, that neither

10  Plaintiff nor the Class Members are entitled to money, or any other form of recovery,

11  in any amount whatsoever, and that class certification would be inappropriate.  *For*

12  *purposes of meeting the jurisdictional requirements of removal only*, United submits

13  that the aggregate amount "in controversy" for all Class Members exceeds the sum

14  or value of $5,000,000, as required by 28 U.S.C. § 1332(d)(2).

15    18.    "In any class action, the claims of the individual class members shall be

16  aggregated to determine whether the matter in controversy exceeds the sum or value

17  of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(6); *Standard*

18  *Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013).

19    19.    Here, Plaintiff seeks, *inter alia*, recovery for unlawful business

20  practices, recovery for underpaid wages based on impermissible rounding, overtime

21  wages, recovery for time worked during meal and rest periods, recovery for time

22  spent participating in COVID-19 temperature checks, unpaid meal period penalties,

23  unpaid rest period penalties, wage statement penalties, indemnification for

24  employment-related business expenses, waiting time penalties, sick wages, and

25  attorneys' fees during the applicable statutory periods on behalf of herself and the

26  Class Members. (Compl. ¶¶ 8–22.)  Accepting Plaintiff's allegations as true, as must

27  be done at this stage, see *Henry v. Cent. Freight Lines, Inc.*, 692 F. App'x 806, 807

28  (9th Cir. 2017); *Cain v. Hartford Life & Accident Ins. Co.*, 890 F. Supp. 2d 1246,

1  1249 (C.D. Cal. 2012), the amount placed in controversy exceeds the $5,000,000

2  threshold for CAFA removal. *See* 28 U.S.C. § 1332(d).

3      20.    In establishing that the amount in controversy exceeds the $5,000,000

4  CAFA threshold, United makes the following reasonable assumptions based on

5  Plaintiff's Complaint and the facts regarding United's non-exempt employees in

6  California:

7          a.    Plaintiff's proposed Class includes all of United's current and

8                former non-exempt ground employees in the state of California

9                during the Relevant Class Period. (*See* Compl. ¶ 25.)

10         b.    United employed at least thirteen thousand six hundred (13,600)

11               non-exempt ground employees in the state of California during

12               the Relevant Class Period. (Karpierz Decl. ¶ 7.)

13         c.    According to the applicable collective bargaining agreements, the

14               lowest hourly rate for a non-exempt unionized ground employee

15               is $18.51 per hour. (*Id*. ¶¶ 11, 12.) Although many employees

16               make significantly more per hour, United will use this lowest rate

17               for purposes of the instant analysis, thereby understating the

18               actual amount in controversy.

19         d.    Class Members collectively worked an estimated 1,101,600

20               workweeks from April 1, 2023 to present. To calculate this

21               figure, United took the total number of weeks the Class Members

22               were employed by United (1,224,000) and conservatively

23               assumed Class Members worked only 90% of those weeks (*i.e.*,

24               this calculation credits Class Members with taking more than five

25               weeks each year for vacation, sick leave, etc.). (*Id*. ¶ 8.)

26    **1.    Unpaid Meal and Rest Period Premiums Claim**

27      21.    Under California law, an employee who works more than five hours per

28  day is entitled to an uninterrupted meal period of at least 30 minutes. Cal. Lab. Code

§ 512.  An employee who works four hours or a "major fraction thereof" is entitled to a 10-minute rest period.  Wage Order 9 § 11090(12).  If an employer fails to provide the employee with a reasonable opportunity to take a legally required meal or rest period, the employer must pay a meal or rest period penalty of one hour of wages at the employee's regular rate of pay.  Cal. Lab. Code § 226.7.  If both a meal period and a rest period are not provided to an employee, he or she can recover "two premium payments per workday—one for failure to provide one or more meal periods, and another for failure to provide one or more rest periods."  *United Parcel Serv., Inc. v. Superior Court*, 196 Cal. App. 4th 57, 69 (2011).  This penalty is in addition to payment for any time worked during a meal period.

22.  Plaintiff alleges that United maintained a "policy and practice" whereby it "failed to provide the legally mandated meal and rest periods [and] the required amount of compensation for missed meal and rest periods." (Compl. ¶ 49.)  Plaintiff, realleging and incorporating her earlier allegations, also alleges in her fourth cause of action for failure to provide required meal periods that United "from time to time failed to provide all the legally required off-duty meal breaks to" Class Members and in her fifth cause of action alleges that United "required [them] to work in excess of four (4) hours without being provided ten (10) minute rest periods."  (*Id.* ¶¶ 86, 87, 91.)  More specifically, she alleges that the Class Members' "rigorous work schedules" prevented them from being relieved of duty during their meal periods "from time to time," United failed to provide them "with legally required meal breaks prior to their fifth [] hour of work," and United failed to provide them "with a second off-duty meal period in some workdays" where they performed ten hours of work. (*Id.* ¶ 87.)  Further, Plaintiff alleges United "fail[ed] to compensate [Class Members] . . . one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided."  (*Id.* ¶ 88.)  Plaintiff further alleges that Class Members were denied their first rest period "for some shifts worked of at least two (2) to four (4) hours," a first and second rest period "for some shifts

NOTICE OF REMOVAL

worked of between six (6) and eight (8) hours," and a first, second, and third rest period "for some shifts worked of ten (10) hours or more," and were otherwise "not provided with one hour wages in lieu thereof." (*Id.* ¶ 91.) Read together, Plaintiff alleges that United maintained a "policy and practice" of failing to provide the required meal and rest periods "from time to time" during the Relevant Class Period. (*Id.* ¶¶ 49, 86, 87, 91.)

23. Given that Plaintiff alleges both a "policy and practice" of meal and rest period violations, but later alleges that such violations occurred only "from time to time," a 25% violation rate is reasonable. *See, e.g., Cavada v. Inter-Continental Hotels Grp., Inc.*, No. 19cv1675-GPC(BLM), 2019 WL 5677846, at *7 (S.D. Cal. Nov. 1, 2019) (finding it reasonable to assume a 25% violation rate where a complaint alleged that defendant was in violation "periodically" or "from time to time" along with broader language describing a "pattern and practice" and "policy and practice"). Nonetheless, United conservatively assumes a 10% violation rate (*i.e.*, one meal period premium every other workweek and one rest period premium every workweek) consistent with court findings that such rates are reasonable based on "from time to time" allegations alone, despite Plaintiff's broader allegations of such violations occurring as a "policy and practice." *See, e.g., Shachno v. Marriott Int'l, Inc.*, No. 22-CV-1215 TWR (JLB), 2023 WL 316367, at *7 (S.D. Cal. Jan. 19, 2023) (finding it reasonable to assume a 10% violation rate where the plaintiff alleged that violations occurred "from time to time").

24. Based on these allegations, the amount in controversy for alleged meal and rest period violations in the aggregate is **$30,585,924**.

a. The amount in controversy for alleged rest period violations only is $20,390,616. Assuming a 10% violation rate, or one premium penalty per workweek, this amount is calculated by multiplying the lowest hourly rate for a

non-exempt unionized ground employee in 2023 ($18.51)[3] by the amount of aggregate workweeks (1,101,600) by 1 premium, totaling $20,390,616 ($18.51 x 1,101,600 workweeks x 1 premium = $20,390,616).

b. The amount in controversy for alleged meal period violations only is $10,195,308. Assuming a 10% violation rate, or one premium penalty every other workweek,[4] this amount is calculated by multiplying the lowest hourly rate for a non-exempt unionized ground employee in 2023 ($18.51) by half the amount of aggregate workweeks (550,800) by 1 premium, totaling $10,195,308 ($18.51 x 550,800 workweeks x 1 premium = $10,195,308).

## 2. Failure to Pay Overtime Claim

25. Plaintiff also alleges that United had a "policy and practice that failed to accurately record overtime worked" and "consequently underpaid the overtime worked by" Class Members. (Compl. ¶¶ 77–78.) Plaintiff seeks damages under California Labor Code §§ 510 and 1194. (*Id.* ¶ 81.) Given Plaintiff alleges that United had a "policy and practice" of requiring Class Members to work off-the-clock during meal periods, it is reasonable to assume one hour of unpaid overtime per workweek.[5]

---

[3] Notwithstanding the fact that many Class Members were paid far more than the lowest hourly rate for a unionized ground employee, United conservatively assumes the lowest hourly rate for a unionized ground employee during the Relevant Class Period.

[4] Given there are generally 5 meal periods in a workweek, a 10% violation rate is equivalent to 0.5 missed meal periods per workweek, which practically means that an employee would consequently miss one meal period every other workweek.

[5] Courts have found assumptions of violation rates of one hour of unpaid overtime per workweek reasonable where the plaintiff alleges a policy and practice of such violations. *See, e.g.*, *Vallejo v. Sterigenics U.S., LLC*, No. 3:20-cv-01788-AJB-AHG, 2021 WL 2685348, at *4 (S.D. Cal. June 29, 2021) (finding that one hour of unpaid overtime per week is a proper assumption based on allegations of "regular" violations of overtime laws); *Blevins v. Republic Refrigeration, Inc.*, No. CV 15-04019 MMM (MRWx), 2015 WL 12516693, at *10 (C.D. Cal. Sep. 28, 2015) (finding it reasonable to assume a violation rate of one hour of unpaid overtime per week based on

26.    Accordingly, Plaintiff seeks unpaid wages in the amount of approximately **$30,591,432**. This amount is calculated by multiplying the average amount of workweeks worked by United's non-exempt employees from April 1, 2023 to present (1,101,600 workweeks) by the one hour of allegedly unpaid overtime wages each week for a total of 1,101,600 hours. The lowest hourly overtime rate for United's non-exempt unionized ground employees from April 1, 2023 to present is one-and-a-half times the lowest hourly rate for a unionized ground employee as of January 1, 2023 ($18.51), making the average overtime rate $27.77 (*i.e.*, $18.51 x 1.5). The minimum hourly overtime rate for members of the Class multiplied by the number of overtime hours allegedly worked and not paid during the Relevant Class Period thus totals $30,591,432 (1,101,600 hours x $27.77 overtime rate of pay).

### 3.    Attorneys' Fees

27.    As set forth above, Plaintiff's claims for damages and penalties with regard to meal period, rest breaks, and overtime only, put into controversy at least **$61,177,356** ($30,585,924 + $30,591,432 = $61,177,356). This amount alone exceeds the $5,000,000 jurisdictional threshold under CAFA.

28.    The amount in controversy also includes any attorneys' fees that may reasonably be awarded to Plaintiff's counsel under statute throughout the course of this litigation. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998); *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("[I]f the law entitles the plaintiff to future attorneys' fees if the action succeeds, then there is no question that future [attorneys' fees] are at stake in the litigation, and the defendant may attempt to prove that future attorneys' fees should be included in the amount in controversy." (quoting *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018)).

29.    The Ninth Circuit "has established 25% of the common fund as a

---

allegations that the defendant had a "pattern and practice" and "regularly" miscalculated overtime).

- 10 -                                    NOTICE OF REMOVAL

1  benchmark award for attorney fees." *Staton v. Boeing Co.*, 327 F.3d 938, 968 (9th

2  Cir. 2003).  Courts have found that it is reasonable for a defendant to rely upon this

3  benchmark when calculating the amount in controversy for removal.  *See, e.g., Evers*

4  *v. La-Z-Boy Inc.*, No. 21cv2100-LL-BLM, 2022 WL 2966301, at *12 n.8 (S.D. Cal.

5  July 27, 2022) ("[T]he Court finds that the 25% 'benchmark' is appropriate for

6  traditional diversity jurisdiction.").

7        30.    Here, Plaintiff seeks attorneys' fees under a variety of statutes, including

8  California Labor Code §§ 221, 226, 1194, and/or 2802.  United may therefore

9  consider attorneys' fees in its calculation of the amount in controversy for removal

10  purposes.  Considering those fees here, 25% of the total dollar amount in controversy

11  is **$15,294,339** ($61,177,356 aggregate damages x .25 = $15,294,339).

12        31.    Thus, the total amount placed in controversy by Plaintiff's claims is, at

13  least, **$76,471,695** ($61,177,356 + $15,294,339 = $76,471,695).   This amount

14  excludes Plaintiff's claims for: (1) unfair competition; (2) failure to pay minimum

15  wages; (3) failure to pay sick pay wages; (4) wage statement penalties; and

16  (5) reimbursement for employment-related expenses.   However, to the extent

17  Plaintiff disputes that the amount in controversy exceeds $5,000,000, United reserves

18  the right to assert damages as to all claims.

19        32.    In sum, while United contends that Plaintiff's claims have no merit and

20  cannot be certified for class treatment, because the amount in controversy in this

21  action is at least $5,000,000, the jurisdictional threshold under CAFA is satisfied and

22  removal is proper.  *See* 28 U.S.C. § 1332(d).

23        **D.    No CAFA Exceptions Apply.**

24        33.    CAFA contains certain jurisdictional exceptions, none of which apply

25  here.

26        34.    The "Local Controversy Exception" does not apply to the present case

27  because United is not a citizen of California, the state in which the action was

28  originally filed.  *See* 28 U.S.C. § 1332(d)(4)(A)(i)(II)(cc).

- 11 -                        NOTICE OF REMOVAL

1   35.   The "Home State Exception" also does not apply to this case because

2   United, the sole and primary named defendant, is not a citizen of California, the state

3   in which the action was originally filed.  *See* 28 U.S.C. § 1332(d)(4)(B).

4   36.   Accordingly, all of the requirements for federal jurisdiction under

5   28 U.S.C. § 1332(d) are satisfied, and removal of this action is proper under

6   28 U.S.C. §§ 1441, 1446, and 1453.

7   **II.   VENUE.**

8   37.   Plaintiff's State Court Action was commenced in the Superior Court of

9   the State of California for the County of San Diego and, under 28 U.S.C. §§ 84(c),

10  1446, and 1453, may be removed to this United States District Court for the Southern

11  District of California, which embraces San Diego County within its jurisdiction.

12  **III.   PROCEDURAL REQUIREMENTS.**

13  38.   United satisfies the procedural requirements for removal.

14  39.   Pursuant to 28 U.S.C. § 1441(a), United has removed this case to the

15  district and division embracing the place where the State Court Action is pending.

16  40.   Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and

17  orders filed in the State Court Action are attached hereto as Exhibits A–H.

18  41.   Pursuant to 28 U.S.C. § 1446(b)(1), (c), this Notice of Removal is timely

19  because it was filed within thirty (30) days of service of the Complaint on United and

20  within one year of commencement of the action.

21  42.   Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will

22  be served upon Plaintiff's counsel and a copy filed with the Clerk of Court for

23  Department C-65 of the Superior Court of the State of California, County of San

24  Diego.

25  **IV.   CONCLUSION.**

26  43.   For the reasons stated herein, pursuant to 28 U.S.C. §§ 1332(d), 1441,

27  1446, and 1453, the State Court Action may be removed to federal district court, and

28  United requests that it be so removed.

NOTICE OF REMOVAL

1    WHEREFORE, United respectfully gives notice of and removes this action to

2   this Court.

3

4       Dated:  December 26, 2024          O'MELVENY & MYERS LLP
                                           ADAM P. KOHSWEENEY
5                                          KRISTIN M. MACDONNELL
                                           KATY (YIN YEE) HO
6

7

8                                          By:    /s/ Adam P. KohSweeney
                                                  Adam P. KohSweeney
9                                          Attorneys for Defendant
                                           UNITED AIRLINES, INC.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                   - 13 -                    NOTICE OF REMOVAL